IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN E. ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-3017 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff John Anderson's Motion for Reconsideration and Brief in Support (d/e 41) (Motion). The parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order, entered June 29, 2016 (d/e 13). For the reasons set forth below, the Motion is DENIED.

To prevail on the Motion, Anderson must clearly establish the existence of a manifest error of law or fact, or must present newly discovered evidence. Fed. R. Civ. P. 59(e); Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012); see Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

The Court has carefully reviewed the Motion and determines that Anderson does not present any manifest errors of law.  Anderson restates some of the arguments he made originally and argues with parts of the Court's ruling, but cites no errors of law.

Anderson argues that the Commissioner's memorandum contained alterations and fabrication.  The Court disagrees.  Counsel for the Commissioner argued from the evidence.  The argument was not a fabrication or alteration.  The Court further was not misled by the argument.

Anderson presents an affidavit from George Tinkham verifying that Anderson's statement recorded in his medical records that he took a 36-hour trip to pick up a motorcycle did not mean that Anderson rode a motorcycle for 36 hours; rather, Anderson rode in the passenger seat of a pick-up truck for 36 hours during this trip to pick up a motorcycle. Anderson fails to demonstrate that this affidavit contains new evidence. New evidence means evidence that could not have been produced at the evidentiary hearing.  Anderson does not explain why he could not have produced the affidavit at the hearing.  See Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (Rule 59(e) motion "cannot be used to present evidence that could have been presented before judgment was entered.").

Furthermore, Anderson fails to show how the affidavit would change the outcome.  See <u>Cincinnati Life Ins. Co. v. Beyrer</u>, 772 F.3d 939, 955 (7th Cir. 2013) (The evidence must be "such that a new trial would probably produce a new result.").  The Court agreed with Anderson that the medical records did not state that he rode a motorcycle for 36 hours.  <u>Opinion entered February 8, 2017 (d/e 39)</u>, at 32.  Because the Court agreed that the Administrative Law Judge misread the medical records on this point, the affidavit would not have changed the outcome.

THEREFORE, Plaintiff John Anderson's Motion for Reconsideration and Brief in Support (d/e 41) is DENIED.  THIS CASE IS CLOSED.

ENTER:  March 3, 2017

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE